IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES M. VARDON, | ) | 8:12CV62 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TD AMERITRADE, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on its own motion. On April 4, 2012, the court conducted an initial review and entered a Memorandum and Order stating its concerns regarding whether subject matter jurisdiction in this court is proper. (Filing No. 7.) The court permitted Plaintiff the opportunity "to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount." (*Id.* at CM/ECF p. 3.) On April 17, 2012, Plaintiff filed a Response to the court's April 4, 2012, Memorandum and Order. (Filing No. 8.)

    In his Complaint, the only specific reference to damages is an allegation that Plaintiff's loss is "around $100,000," which he calculated himself. (Filing No. 1 at CM/ECF p. 4.) In his Response, Plaintiff states that he does not know "the exact amount invested" and lost by Defendant, but that it is "possibly $150,000 or more." (Filing No. 8 at CM/ECF p. 2.) Thus, it is "reasonable" that his damages are in excess of the jurisdictional amount. (*Id.*) However, Plaintiff did not submit any factual support for this claim, or any evidence, relating to the amount in controversy requirement. As with his Complaint, Plaintiff's claims in his Response relating to the jurisdictional amount are nothing more than unsupported guesses. Thus, there is nothing in Plaintiff's Response showing that "the amount alleged is legitimate." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). The court gave Plaintiff the opportunity to show that subject matter

jurisdiction in this court is proper, but Plaintiff has not done so. For these reasons, and for the reasons set forth in the court's April 4, 2012, Memorandum and Order, this matter is dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice because this court lacks subject matter jurisdiction.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 24th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.